UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

   v.                                  Case No. 17-CR-134

MARQUILLE WIMBERLY,

          Defendant.

---

## GOVERNMENT'S SENTENCING MEMORANDUM

---

The Court is scheduled to sentence Marquille Wimberly on January 8, 2020. In anticipation of that sentencing, the government submits the following sentencing memorandum.

*Background.*

On August 1, 2017, Wimberly was charged with unlawfully possessing a firearm as a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). R.1.[1] This charge stemmed from an incident in the early hours of May 28, 2017, when the police apprehended Wimberly after he drove a stolen car up on to the sidewalk, struck a light pole and fire hydrant, fled the police along with two other occupants of the car, tossed a loaded .45 caliber pistol to the ground, all the while ignoring police commands to stop. PSR ¶¶ 13-14. After being arrested, handcuffed, and placed in a squad car, Wimberly escaped but was quickly apprehended. PSR ¶15.

On November 21, 2017, and without a plea agreement, Wimberly pleaded guilty to the charge in the indictment. R. 5. Based on his guilty plea, Wimberly faces a maximum possible

---

[1] In this memorandum, "R." refers to an entry on the district court docket sheet and "PSR" followed by a number refers to a paragraph of the revised Presentence Investigation Report filed on December 27, 2019. R. 37.

penalty of up to 10 years in prison, a fine of up to $250,000, up to 3 years of supervised release, and a mandatory special assessment of $100. PSR ¶¶ 90, 93, 97, and 98.

Wimberly was originally scheduled to be sentenced on March 2, 2018. R. 24. After listening to sentencing arguments and recommendations from the parties, the Court continued the sentencing until June 27, 2018. *Id.* Prior to the new sentencing date, Wimberly, who had been released on bond subject to electronic monitoring, cut off his monitoring device and absconded. Wimberly was later apprehended, charged with, and convicted of multiple state felonies, including two counts of recklessly endangering safety and first degree intentional homicide. These charges were based on Wimberly's shooting of one individual and subsequent flight from police on July 16, 2018, and his killing of a woman nine days later. PSR ¶¶ 43 & 44.

*Sentencing Guidelines.*

The most recently revised presentence investigation report ("PSR") recommends a Total Offense Level of 14, which in combination with Wimberly's Criminal History Category of V, provides for an advisory guideline imprisonment range of 30-37 months. PSR, ¶¶ 32, 46 and 91.[2]

*Sentencing Recommendation.*

Title 18, United States Code, § 3553(a) directs the Court to impose a sentence that is sufficient to achieve the goals of sentencing without being excessive. Those goals focus on the need for the sentence to address the following considerations:

- Reflect the seriousness of the offense of conviction
- Promote respect for the law
- Provide just punishment for the offense

---

[2] Paragraph 91 of the PSR indicates a criminal history category of VI; while paragraph 46 indicates V. Based on the 10 criminal history points reflected in the PSR, V appears to be the correct category.

- Afford adequate deterrence to criminal conduct

- Protect the public from further crimes of the defendant

- Provide the defendant with needed educational training, medical care or correctional treatment in the most effective manner

18 U.S.C. § 3553(a)(2).

Section 3553(a) further directs the Court to consider the nature and circumstances of the offense of conviction and the history and characteristics of the defendant when determining the particular sentence. 18 U.S.C. § 3553(a).

*Nature and Circumstances of the Offense.*

The defendant's underlying offense is serious. Wimberly, who at the time of the offense was 23, already had several contacts with the criminal justice system involving violence and firearms. He was arrested at approximately 2:30 a.m. in possession of a loaded .45 caliber handgun and ammunition after driving a stolen car up onto the sidewalk, crashing into a light pole and fire hydrant, and then fleeing police. After he was arrested, Wimberly initially escaped and later lied to the police when questioned. It is worth noting that the passengers in the stolen car Wimberly was driving were also armed and fled the scene.

*History and Characteristics of the Defendant.*

Wimberly's history is disturbing at best. At age 9, he was arrested for throwing rocks at parked cars and also from a highway overpass, where he apparently struck a passenger on a motorcycle. PSR ¶ 34. At 13, he and three other boys attempted to rob a restaurant and were reported to have a gun. PSR ¶ 35. At age 14, he was arrested carrying a loaded .38 caliber semi-automatic handgun and was likely robbing people at a bus stop. PSR ¶ 36. At age 16, Wimberly

3

was arrested in possession of a rifle after previously threatening to kill a third party over a girl. PSR ¶ 37.

As an adult, Wimberly was prosecuted for threatening to kill his mother with a knife if she did not give him $20. PSR ¶ 40. Notably, while on supervision for this offense, Wimberly was suspected of involvement in a retaliatory house shooting and posted online photos of himself with firearms and stacks of cash. *Id.* At age 21, Wimberly was prosecuted for imprisoning his girlfriend because she had been out late and told her: "tell me the truth or I'm gonna do some shit that I don't want to do." PSR ¶ 42. He held his girlfriend captive for three hours, grabbing her by the hair, throwing her around the house, and strangling her until she went unconscious. *Id.*

Most troubling is Wimberly's actions after he absconded in this case. On July 16, 2018, he repeatedly shot an individual in some personal dispute and later fled from police driving in excess of 100 miles per hour to escape. PSR ¶ 43. Nine days later, he shot and killed a woman who had taken the victim of the earlier shooting to the hospital. Apparently Wimberly suspected (incorrectly) that she had provided information to the police. PSR ¶ 44. It is worth noting that these two heinous crimes result in only 3 criminal history points because they were prosecuted together.

*Conclusion*

While all of the factors enumerated in § 3553(a) justify a significant prison sentence, the need to protect the public from the defendant's uncontrolled violent behavior demands the most severe punishment available. His most recent attacks involved a callous shooting of an unarmed individual followed by the vicious and senseless killing of an innocent woman, who the defendant suspected of providing information to the authorities.

4

The government acknowledges that Wimberly has been sentenced to a term of life imprisonment in state court. Nonetheless, the government asks the Court to impose a sentence in this case of 10 years' imprisonment, consecutive to his state sentences, to reflect the seriousness of his offense in this case and to provide distinct and incremental punishment for his earlier crime in the event Wimberly is released from state custody.

Despite his relative youth, Wimberly has a lengthy history of firearms and violence. In the present case, the Court gave the defendant an opportunity to demonstrate that he had turned a corner from his prior violent behavior. Wimberly used this opportunity to try to kill one person and then callously murdered a Good Samaritan on the mistaken belief that she had provided information to the police. A maximum sentence is necessary to appropriately punish the defendant and, more importantly, protect the public from his violent behavior.

Respectfully submitted this 31st day of December, 2019.

        MATTHEW D. KRUEGER
        United States Attorney

By:   /s *Matthew L. Jacobs*
        MATTHEW L. JACOBS
        Assistant United States Attorney
        WI Bar No.: 1017227
        Attorney for Plaintiff
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 E. Wisconsin Ave. Suite 530
        Milwaukee, Wisconsin 53202
        Tel: (414) 297-4106
        Fax: (414) 297-1738
        Email: Matthew.Jacobs2@usdoj.gov